IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                            )<br>                         **Plaintiff,**         )<br>                                                            )         CRIMINAL ACTION<br>v.                                                        )<br>                                                            )         No. 12-20021-05-KHV<br>DAVID LEAL, JR.,                               )<br>                                                            )<br>                         **Defendant.**     )<br>_____)  | |

## MEMORANDUM AND ORDER

On February 14, 2013, the Court sentenced defendant to 188 months in prison. On February 17, 2015, under Amendment 782 to the United States Sentencing Guidelines, the Court reduced defendant's sentence to 151 months. On June 1, 2020, for lack of jurisdiction, the Court dismissed defendant's letter (Doc. #406) filed May 22, 2020, which the Court construed as a motion for release under 18 U.S.C. § 3582(c)(1)(A). See Memorandum And Order (Doc. #408). This matter is before the Court on defendant's Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #410) filed June 18, 2020. For reasons stated below, the Court sustains defendant's motion.

### Factual Background

Defendant currently is confined at FCI Oakdale II, a Bureau of Prisons ("BOP") facility in Oakdale, Louisiana. As of July 7, 2020, seven inmates and nine staff members at FCI Oakdale II had tested positive for COVID-19. See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (accessed July 7, 2020). One of the inmates who contracted COVID-19 died while the other six inmates have recovered. See id. At FCI Oakdale I, which is adjacent to FCI Oakdale II, as of July 7, 2020, 214 inmates and 18 staff members had tested positive for COVID-19. See id.

Seven of the inmates who contracted COVID-19 at FCI Oakdale I died while 206 of the other 207 inmates who tested positive have recovered.  See id.

Defendant states that he suffers from hypertension and untreated hepatitis C, which place him at high risk of contracting COVID-19 and suffering severe illness.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).  Defendant seeks compassionate release under Section 3582(c)(1)(A) based on the COVID-19 pandemic.

Under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018), the Court may order compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court may entertain requests for compassionate release only upon a motion of the BOP, however, or of defendant after defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Defendant alleges that he has satisfied the exhaustion prerequisite because the warden

denied his written request for compassionate release that he submitted on May 15, 2020. In support, defendant has submitted the warden's letter of April 28, 2020, which denied defendant's earlier request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136 (enacted Mar. 27, 2020).  See Attachment 2 to Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #410).  Neither party has shown that the warden ever responded to defendant's request for compassionate release on May 15, 2020.  Because more than 30 days have elapsed since defendant's request to the warden, the Court finds that defendant has satisfied the exhaustion prerequisite to filing a motion for compassionate release.

Under the compassionate release statute, after considering the applicable factors set forth in Section 3553(a), the Court may grant relief if defendant establishes that (1) "extraordinary and compelling reasons" warrant a reduced sentence and (2) a reduced sentence is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A). Congress specifically authorized the Sentencing Commission to issue policy statements defining "what should be considered extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied."  United States v. Saldana, 807 F. App'x 816, 819 (10th Cir. Mar. 26, 2020) (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) as determined by the Director of the BOP, an "extraordinary and compelling reason other than, or in combination with," the first three categories.  U.S.S.G.

§ 1B1.13 cmt. n.1 (Nov. 1, 2018).[1]   In December of 2018, the First Step Act amended

---

[1]   Application Note 1 provides as follows:

1. <u>Extraordinary and Compelling Reasons</u>.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A)  <u>Medical Condition of the Defendant</u>.—
     (i)  The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

     (ii)  The defendant is—
        (I)  suffering from a serious physical or medical condition,
        (II)  suffering from a serious functional or cognitive impairment, or
        (III)  experiencing deteriorating physical or mental health because of the aging process,
   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B)  <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C)  <u>Family Circumstances</u>.
     (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
     (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

   (D)  <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (Nov. 1, 2018).

Section 3582(c)(1)(A) to permit defendants (rather than only the BOP) to file motions for compassionate release. The Sentencing Commission's policy statement, which was effective November 1, 2018, nonetheless remains the relevant policy statement in determining whether "extraordinary and compelling reasons" warrant defendant's release. See Saldana, 807 F. App'x at 819 (applying policy statement effective November 1, 2018 to defense motion under Section 3582(c)(1)(A)). Unless the grounds for resentencing fall within one of the specific categories that Congress has authorized under Section 3582(c), the Court lacks jurisdiction to consider defendant's request. See id.; United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009).

Here, defendant seeks compassionate release based on his medical condition and the COVID-19 pandemic. Under the policy statement, defendant may establish "extraordinary and compelling reasons" based on a medical condition that is (1) a terminal illness or (2) a serious physical or medical condition, a serious functional or cognitive impairment or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). In addition, as determined by the Director of the BOP, release may be appropriate based on other "extraordinary and compelling reason[s]," by themselves or in combination with defendant's medical condition, age and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(D). To determine whether defendant presents other extraordinary and compelling reasons for release, the BOP has identified several "nonexclusive factors" to consider: defendant's criminal and personal history, the nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and

age at the time of offense and sentencing, release plans and whether release would "minimize the severity of the offense." Saldana, 807 F. App'x at 819 (quoting BOP Program Statement 5050.50 at 12 (2019)).

The government concedes that defendant presents a series of medical conditions that when considered collectively establish extraordinary and compelling circumstances for release.[2] Government's Response To Defendant's Motion For Compassionate Release (Doc. #413) filed June 30, 2020 at 15. Even so, the government contends that the Court should deny release.

In determining whether a sentence reduction is warranted, and the extent of any reduction, the Court considers the applicable factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct. See 18 U.S.C. § 3553(a). Defendant has a significant criminal history. At the same time, he already has served approximately 97 months for a drug crime. In light of defendant's current medical condition and the COVID-19 pandemic, the Court finds that a sentence of time served with a special term of supervised release including home confinement of 31 months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate

---

[2] Based on the government's agreement that defendant satisfies the statutory requirement to show extraordinary and compelling reasons, this Memorandum And Order shall not have precedential value on the question whether a district court can independently determine that extraordinary and compelling reasons exist for defendant's release other than, or in connection with, the reasons described in subdivisions (A) through (C) of Application Note 1 to Section 1B1.13 of the United States Sentencing Guidelines.

deterrence, protect the public and provide defendant needed treatment in the most effective manner.  See 18 U.S.C. § 3553(a)(2)(A)–(D).  Accordingly, the Court reduces defendant's sentence of 151 months in prison to time served with a special term of supervised release to start immediately on his release and to expire on January 23, 2023, his original projected release date. During the special term of supervised release, defendant shall remain on home detention with video conference monitoring by the Probation Department.  Defendant shall remain subject to his standard term of supervised release of five years, which will begin immediately after the expiration of the special term of supervised release.

**IT IS THEREFORE ORDERED** that defendant's Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #410) filed June 18, 2020 is **SUSTAINED**.  **The Court reduces defendant's sentence of 151 months in prison, originally imposed on February 14, 2013 and modified on February 17, 2015, to TIME SERVED.  Defendant shall immediately begin a special term of supervised release which will expire on January 23, 2023.  All terms and conditions that apply to defendant's standard term of supervised release (as set forth in the Judgment In A Criminal Case (Doc. #245) filed February 19, 2013 at 3) shall apply to defendant's special term of supervised release.  In addition, during the special term of supervised release, defendant shall be on home confinement and shall possess or have access to a telephone, smart phone or compatible device that will allow video conference monitoring by the Probation Department.  During the first 14 days of his special term of supervised release, defendant shall self-quarantine.   After the special term of supervised release expires on January 23, 2023, defendant will begin his standard term of supervised release of 60 months.**

**Except as modified above, all other terms and conditions of the Judgment In A Criminal Case (Doc. #245) filed February 19, 2013 shall remain in effect.**

Dated this 10th day of July, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge